**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **YIORGOS MARAVELIAS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RUTGERS THE STATE UNIVESITY OF NEW JERSEY, DEAN JOHANNA BOND, DEAN SARAH K. REGINA, POLICE OFFICER EDWIN GONZALEZ, CHIEF OF POLICE CARMELO HUERTAS, (EACH IN THEIR PERSONAL AND OFFICIAL CAPACITIES) NEWARK WATER COALITION, ANTHONY DIAZ (IN HIS PERSONAL AND OFFICIAL CAPACITIES), JOHN DOES 1-100 (FICTITIOUS INDIVIDUALS OR ENTITIES WHO HAVE LIABILITY TO PLAINTIFF FOR ANY OF THE CAUSES OF ACTION CONTAINED HEREIN), ABC CORPORATIONS 1-25 FICTICIOUS BUSINESSES OR ENTITIES WHO HAVE LIABILITY TO PLAINTIFF FOR ANY OF THE CASES OF ACTION CONTAINED HEREIN,**<br><br>**Defendants.** | Civ. No. 2:26-cv-04240 (WJM)<br><br>**OPINION** |

This is a civil rights action by Plaintiff Yiorgos Maravelias ("Plaintiff") for claims arising from his "counterprotest" against pro-Palestinian protestors. Defendant Rutgers, the State University of New Jersey ("Rutgers") moves to strike Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(f). ECF No. 6. Individual Defendants Johanna Bond, Sarah K. Regina, Carmelo Huertas, and Edwin Gonzalez (the "Individual Defendants") seek to join in the motion to strike. ECF No. 13. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, the Individual Defendants' motion to join is **granted**. The joint motion to strike is also **granted**.

## I. BACKGROUND

Plaintiff filed suit on April 15, 2026 in state court alleging that he was arrested for engaging in political speech against pro-Palestinian protestors on May 1, 2024 and May 2, 2024 at Rutgers' Law School campus in Newark, NJ. *See* Compl. ¶ 925, ECF No. 1. Plaintiff's 137-page, 1,014-paragrah, 14 count Complaint asserts discrimination, a hostile educational environment, and retaliation in violation of state and federal laws. He also pleads state law claims including false arrest, conspiracy, malicious use of process, tortious interference with contract, negligent and intentional infliction of emotional distress, and violation of his right to free speech.

Defendants removed this action to federal court on April 21, 2026 based on diversity and federal question jurisdiction. Not. of Removal, ECF No. 1. Now Defendants seek to strike the Complaint as excessively prolix, repetitive, and unwieldy.

## II. DISCUSSION

### A. Rule 8(a) and 12(f) Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to give the defendant fair notice of the claim and the grounds upon which it rests. *See In re Riddell Concussion Reduction Litig.,* Civ. No. 13–7585, 2015 WL 224429, at *7 (D.N.J. Jan. 15, 2015) (*citing Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)). Rule 8(d) also mandates that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d). *See e.g., Smith v. Dir.'s Choice, LLP*, No. 15-81, 2016 WL 7165739, at *2 (D.N.J. July 28, 2016). Rules 8(a) and 8(d) together "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation modified). "A court may dismiss a complaint that contains unnecessary factual detail as violating the 'short and plain statement' requirement of Rule 8." *Smith v. Dir.'s Choice, LLP*, No. 15-81, 2016 WL 7165739, at *2 (D.N.J. July 28, 2016) (collecting cases); *Bhatt v. Hoffman*, 716 F. App'x 124, 127 (3d Cir. 2017) ("[D]ismissal for violation of Rule 8 is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." (citation modified)

Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Motions to strike are decided on the pleadings alone. *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 429 (citing *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 159 (E.D. Pa.1994)). "Under the strict standard of Rule 12(f), only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken." *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009) (citation modified). In reviewing such a motion, the Court may exercise

"considerable discretion." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993). "Although the plain text of Rule 12(f) does not incorporate Rule 8 by reference, many courts have held that Rule 12(f) can be used to reinforce Rule 8's requirements that pleadings be simple, concise, and direct." *In re Oldapco, Inc.*, 622 B.R. 140, 147-48 (Bankr. D. Del. 2020).

B. Plaintiff's Complaint

"Plaintiff's Story" does not begin until page 68, paragraph 454 of his 137-page, 14-count, 1,014 paragraph Complaint. His legal claims start on page 99, paragraph 711. The Complaint includes lengthy historical, political, and ideological commentary in sections that are titled, for example: "I: Historical Context: "The People's Electric Law School," ¶¶ 14-49; "II: Adoption of the 'Antiracist' Philosophy as Rutgers Policy," ¶¶ 50-122; "III: The causal link between Rutgers Law of 1968 and the events of 2024," ¶¶ 123-126; "IV: Professor Sahar Aziz and the Center for Security Race and Rights," ¶¶ 127-134; "V: Defendant Rutgers' Antiracist policy; a Contradiction of law, ¶¶ 135-166; "VI. Rutgers Law School's one-sided approach to political expression," ¶¶ 167-201; "VII. Professor Sahar Aziz and Two Different Americas," ¶¶ 202-228; "VIII. Historical Context; the Global War on Terror," ¶¶ 229-266; and "IX: The CSRR, Statements of Solidarity, and Palestine and Praxis," ¶¶ 267-313. *See generally,* Compl. These sections contain extensive discussions regarding, among other things, the civil rights movement of the 1960s, the aftermath of the assassination of Dr. Martin Luther King Jr., the Vietnam War, the September 11th terrorist attacks, the wars in Iraq and Afghanistan, the COVID-19 pandemic, George Floyd, the events of January 6, 2021, broad critiques of "leftist" ideology and "antiracist" philosophy.

Contrary to Plaintiff's contention that these sections provide essential "context," the Court agrees with Defendants that the Complaint is in no way a "short and plain" statement of relief necessary to place them on notice of the claims asserted. In fact, the claims are obscured insofar as they can only be identified after wading through a verbose and at times repetitive and inflammatory pleading that reads like a political manifesto. *See e.g., In re Westinghouse Secs. Litig.*, 90 F.3d at 703 (finding district court did not abuse its discretion in dismissing "unnecessarily complicated and verbose" 240-page complaint that contained 600 paragraph and a 50-plus page "overview" of the alleged wrongful conduct); *Rogers v. Morrice*, No. 12-7910, 2013 WL 356196, at *2 (D.N.J. Jan. 29, 2013) ("[T]he Complaint's thicket of background detail and evidentiary matter makes this a case where length and complexity may doom a complaint by obfuscating the claim's essence." (citation modified)); *Melleady v. Blake*, No. 11-1807, 2011 WL 6303245, at *9 (D.N.J. Dec. 15, 2011) (finding that nearly 100-page, 127-paragraph complaint did not comply with Rule 8(a)); *Untracht v. Fikri*, 368 F. Supp. 2d 409, 414 (W.D. Pa. 2005) (striking 112-page, 655-paragraph complaint as violating Rule 8 where "the needless factual detail and the verbose nature of the Plaintiff's complaints are unfairly burdensome" to defendants); *Brejcak v. County of Bucks*, No. 03-4688, 2004 WL 377675, at *2-3 (E.D. Pa. Jan. 28, 2004) (holding

45-page, 216-paragraph complaint was excessive under notice pleading and that it ran afoul of the letter and spirit of the Federal Rules).

The Complaint here is not only needlessly prolix but contains extraneous statements that are immaterial to this relatively factually straightforward case involving the claims of a single individual arising from his "counterprotest" efforts. For example, Plaintiff argues that political and historical context are important to establish the custom, policy, and practice of Defendants for purposes of liability under *Monell v. Dep't. of Social Serv. Of City of New York*, 436 U.S. 658, 694 (1978). However, historical events such as the Vietnam War or the assassination of Dr. King, do not speak to what Rutgers' custom, policy or practice was in 2024 when the alleged injury occurred. Nor are they pertinent to claims of false arrest, discrimination, or other state law civil rights violations. While Plaintiff declares that he has a "responsibility to explain why" Defendants violated his civil rights so that his claims will not be regarded as "salacious conspiracy theory" and that "an exploration of the favored viewpoint of the state" is "essential to a well-pleaded complaint." Pl. Opp'n Br. at 7-8, ECF No. 9, Plaintiff cites no law that requires a well-pleaded complaint to "explore" differing viewpoints or to explain why alleged violations occurred. Thus, a lengthy recitation of historical and political "context," particularly to events as far back as the 1960s, is not only contrary to Rule 8(a)'s requirement of a "short and plain statement of the claim," but also immaterial to Plaintiff's claims. As another example, the Complaint is replete with references to individuals who are not parties to this action, such as Professors Ibrahim X. Kendi and Sahar Aziz. *See e.g.*, Compl. ¶¶ 67-82, 179-81, 207-21, 292-99. The political and ideological grievances that riddle the Complaint do not have any bearing on any of Plaintiff's legal claims. *See e.g., id.* ¶ 19 (alleging Rutgers embraces "tradition of leftist activism" and has an "implied mission to politically indoctrinate law students, rather than simply educate them"). "This unnecessary prolixity 'places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage.'" *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 529 (D.N.J. 2012) (citing Wright & Miller, *Federal Practice and Procedure* § 1281 at 709 (3d ed. 2004)).

In sum, the Complaint fails to comply with the pleading requirements that emphasize clarity and brevity. Compliance with the Federal Rules of Civil Procedure is not excused by Plaintiff's assertion that his Complaint was "not written for Federal Court," or that it is unfair that he be required to rewrite a complaint that took "months" to draft. Pl. Opp'n Br. at 13. Nor should Defendants be made to exercise the "superhuman patience, effort, and insight" required to respond paragraph-by-paragraph to a complaint that does not conform to federal notice-pleading requirements. *Mendez v. Draham*, 182 F. Supp. 2d 430, 433 (D.N.J. 2002). Thus, the Court will strike the Complaint and permit Plaintiff to file within 30 days an amended complaint that meets the requirements of Rule 8. At this juncture, the Court declines to impose page, spacing, or other limitations, but Plaintiff is reminded that his amended pleading must be a "short and plain statement statement of the claim" sufficient to give Defendants fair notice of the claim and the grounds upon which it

rests. Failure to comply with Rule 8 and all other applicable court rules may result in the dismissal of those claims with prejudice. *See e.g., Keith P. Sequeira, v. Metropolitan Life Insurance Co.,* No. 25-1929, 2026 WL 2085489, at *9 (D.N.J. July 20, 2026) (dismissing first amended complaint with prejudice where the amended complaint still failed to comply with Rule 8's basic pleading requirements).

## III. CONCLUSION

For the reasons noted above, Defendants' motion to strike is **granted**. Within 30 days of the date of this Opinion and accompanying Order, Plaintiff shall file an amended complaint that cures the deficiencies addressed in this Opinion and complies with Rule 8 of the Federal Rules of Civil Procedure.

**WILLIAM J. MARTINI, U.S.D.J.**

Date: September 10, 2026